932 F.2d 963
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ALLSTATE INSURANCE COMPANY, a corporation, Plaintiff-Appellee,
v.
Carla V. ADKINS, Administratrix of the Estate of Delmar Ray
Adkins, deceased, Defendant-Appellant,
and
Hi C. Williamson, an individual, Defendant.
 No. 90-2321.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 4, 1990.
Decided May 15, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia at Huntington. Robert J. Staker, District Judge. (CA-87-1124-3)
 James Anthony McKowen, Hunt & Wilson, Charleston, W.V., for appellant.
 William Lowell Mundy, Mundy & Adkins, Huntington, W.V., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before DONALD RUSSELL and NIEMEYER, Circuit Judges, and JAMES H. MICHAEL, Jr., United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 This case is a declaratory judgment action concerning the ownership of a car. In 1985, Delmar R. Adkins was killed when the vehicle he was driving was struck by a 1977 Ford LTD. This Ford was supposedly owned by Joseph O. Allen, who had purchased it several days before from Hi C. Williamson. Williamson's insurer, Allstate Insurance Company, brought this action against Williamson in federal district court to have it declared that Williamson did indeed sell the car to Allen. Adkins' administratrix was allowed to intervene in the action, and she alleged that the sale of the car was voidable because of Williamson's undue influence, and that under the Allstate policy the car was still an "owned automobile" by Williamson when the accident occurred. A trial was held, during which the district court determined that the intervenor did not have standing to contest the voidable nature of the sale, and at the close of all the evidence the Court directed a verdict for Allstate. The intervenor now appeals this decision, and, finding no error below, we affirm.
 
 I.
 
 2
 On November 11, 1985, Delmar R. Adkins, husband of Carla V. Adkins ("the intervenor"), was driving his Chevrolet Blazer in Man, Logan County, West Virginia, when it was struck by a 1977 Ford LTD. Adkins died as a result of the collision, as did the Ford's driver, Benjamin Franklin Forbes, III, and a passenger in the Ford, Joseph O. Allen.
 
 
 3
 The Ford LTD was originally purchased by Hi C. Williamson, who obtained a policy of automobile liability insurance on it from Allstate Insurance Company ("Allstate" or "Plaintiff"). According to Allstate's evidence at trial, Hi C. Williamson cosigned a note for Lester Snodgrass, an employee, to purchase the car, and it was titled in the name of "Lester Snodgrass or Hi C. Williamson." Snodgrass then sold the car to Myrtle Williamson, Hi C. Williamson's mother, but she never had the title changed to show her ownership. Thereafter, on November 9, 1985, Myrtle Williamson supposedly sold the car to Joseph Allen. Allen, an habitually unemployed alcoholic, rented a room from Myrtle Williamson and lived in her house. At the time of the sale, on November 9, Hi C. Williamson executed the certificate of title to Allen and left him the keys of the car. That same day, Allen went to an insurance agent in Chapmanville, West Virginia, and applied for and received a policy of insurance on the car written by Colonial Insurance Company. Allen then stopped at Teaberry's Motor Sales to register the car in his name, but the only person working there did not know how to do this, and Allen said that he would again stop by during the next week. Two days later, though, the accident occurred, killing Allen, Forbes, and Adkins.
 
 
 4
 Carla Adkins was appointed administratrix of her late husband's estate, and in this capacity she brought suit in West Virginia state court against Hi C. Williamson, Sandra Short (the administratrix of Allen's estate), and Thomas A. Tomslim (the administrator of Forbes' estate). During this litigation, Colonial Insurance Company agreed to pay Adkins' estate $20,000 in partial compromise and settlement of any wrongful death claims against the estates of Forbes and Allen. Colonial and the estates of Forbes and Allen also agreed to assign to the Adkins estate any claims they might have against Allstate Insurance Company. In return, Mrs. Adkins covenanted with the Forbes and Allen estates not to execute against their personal assets. These agreements were incorporated in an order entered by the state court, and the order also provided that Adkins would not execute against the personal assets of Hi C. Williamson.
 
 
 5
 On October 23, 1987, Allstate commenced in the United States District Court for the Southern District of West Virginia this suit for declaratory judgment against Hi C. Williamson; Allstate asked the court to declare that Williamson had made a valid sale of the car to Allen before the accident. Two weeks later, Adkins timely moved to intervene in the action, and her motion was granted by the court. Adkins in her answer alleged that, under the insurance policy, the car was still an "owned automobile" by Williamson when the accident occurred; that the policy provided for coverage for the supposed negligent entrustment of the car by Williamson to Allen; and that the alleged sale of the car by Williamson to Allen, if it actually occurred, was not bona fide because of Williamson's misrepresentation, fraud, and deceit.
 
 
 6
 Both parties moved for summary judgment, and after these motions were denied by the court, a jury trial was begun on December 12, 1989. During trial, much of the intervenor's evidence centered around the proposition that the sale of the Ford by Williamson to Allen was not bona fide--Adkins alleging that such sale only came about because of Hi C. Williamson's fraud and undue influence. During the second day of trial, though, the court ruled sua sponte that although Adkins could contest the existence of the sale of the car, she did not have standing to contest the sale as being voidable because of fraud or undue influence. At the close of all the evidence, the district court directed a verdict for Allstate. The intervenor now appeals.
 
 II.
 
 7
 On appeal, Adkins presents three issues. First, she alleges that because there existed evidence that the sale of the car by Williamson to Allen did not occur, the court necessarily erred when it directed a verdict for Allstate.
 
 We have held that
 
 8
 though a motion for directed verdict in favor of the proponent of an issue is cast in the same form as when made by the defending party, it requires the judge to test the body of evidence not for its insufficiency to support a finding, but rather for its overwhelming effect. [The court] must be able to say not only that there is sufficient evidence to support the finding, even though other evidence could support as well a contrary finding, but additionally that there is insufficient evidence for permitting any different finding. The ultimate conclusion that there is no genuine issue of fact depends not on a failure to prove at least enough so that the controverted fact can be inferred, but rather depends on making impossible any other equally strong inferences once the fact in issue is at least inferable.
 
 
 9
 Allen v. Zurich Ins. Co., 667 F.2d 1162, 1164 (4th Cir.1982) (citation omitted).
 
 
 10
 The district court found that the evidence that a sale between Hi C. Williamson and Allen had been effected was overwhelming and the judge stated, "I cannot for the life of me find any evidence from which a contrary finding could be reached here by the jury...." In reviewing the evidence presented below, we also find it overwhelming.
 
 
 11
 First, a state trooper who investigated the accident testified that at the accident scene he discovered a bag which contained the title of the car, executed by Hi C. Williamson, which listed Allen as having purchased it on November 9. Also, Allstate presented the testimony of the Colonial insurance agent who sold Allen a policy on the car on November 9 and collected from him a check for $96 as payment of the premium. Plaintiff further produced Myrtle Williamson and her son, Hi C., both of whom testified as to the sale. Finally, and most importantly, evidence existed showing that Colonial had paid Adkins' estate $20,000 through Allen's policy.
 
 
 12
 In response to this evidence, Adkins did not present any direct evidence showing that a sale did not occur. Instead, she presented three witnesses who testified that they had no knowledge as to whether a sale did or did not take place, and she also intimated that the Williamsons might be somehow biased. We thus find that the evidence was overwhelming, and that the trial court did not commit error when it directed a verdict for Allstate.
 
 
 13
 The intervenor's second issue on appeal concerns the court's ruling that she did not have standing to show that the sale, if it occurred, had been fraudulent. Adkins argues that Allstate waived any objection to standing by failing to raise the issue. Accordingly, she urges that the lower court erred in raising the issue sua sponte. It is axiomatic in our legal system, however, that standing concerns must be brought out by a court at any time during a proceeding, for without proper standing there would exist no case or controversy for a court to decide. Thus, standing is not waivable by the parties. See, e.g., Juidice v. Vail, 430 U.S. 327, 331 (1977) ("Although raised by neither of the parties, we are first obliged to examine the standing of appellees, as a matter of the case-or-controversy requirement associated with Art. III"); Boeing Co. v. Van Gemert, 444 U.S. 472, 488 n. 4 (1980) (Rehnquist, J., dissenting) ("Although respondents have not challenged Boeing's standing, we are obligated to consider the issue sua sponte, if necessary"); Dan River, Inc. v. Unitex Ltd., 624 F.2d 1216, 1223 (4th Cir.1980) ("whether raised or not, jurisdictional standing is an issue to be considered sua sponte by the court"). The district court, therefore, did not err by raising the issue of standing and its decision that Adkins was without standing was correct.
 
 
 14
 The intervenor's final issue on appeal is that the district court erred by disregarding her theory that even if a bona fide sale had taken place, Hi C. Williamson still "owned" the automobile under the Allstate insurance policy because the car was listed in the declarations page and the premium had been paid for it. We, though, find this contention meritless, especially considering West Virginia Code Sec. 17A-4-9:
 
 
 15
 The owner of a motor vehicle who has made a bona fide sale or transfer of his title or interest and who has delivered possession of such vehicle and the certificate of title thereto properly endorsed to the purchaser or transferee shall not be liable for any damages thereafter resulting from negligent operation of such vehicle by another.
 
 
 16
 Accordingly, the disposition of the case below is
 
 
 17
 AFFIRMED.